**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Angel Perez Sanchez,         ) | No. CV 07-1990-PHX-JAT (BPV) |
| Petitioner,      ) | **ORDER** |
| vs.                                                ) |  |
| Dora B. Schriro, et al.,              ) |  |
| Respondents.    ) |  |

Petitioner *pro se*, Jose Angel Perez Sanchez, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 15, 2007. (Dkt #1.) Petitioner seeks relief on four grounds: (1) ineffective assistance of counsel; (2) the sentencing procedure used violated his 6th Amendment right to have a jury determine the existence of aggravating factors; (3) his attorney's failure to forward sentencing letters to the trial judge constitutes a violation of his 5th Amendment right to due process; and (4) an 8th Amendment violation caused by excessive punishment disproportionate to the crime. (*Id*.) The matter was assigned to Magistrate Judge Bernardo P. Velasco, who issued a Report and Recommendation on January 12, 2009 (Dkt. #9), recommending that the Court grant relief as to Ground Two, and dismiss Grounds One, Three and Four. Respondents filed a written objection to the Report and Recommendation on January 20, 2009 (Dkt. #10), and Petitioner filed a Reply to Respondents' objection on February 23, 2009. (Dkt. #13.)

1  Petitioner filed a Motion to Extend Time to Object (Dkt. #14) on March 16, 2009. 2 Respondents have not objected to Petitioner's Motion to Extend. Considering Petitioner's 3 *pro se* status and the fact that Respondents have not objected, the Court will grant 4 Petitioner's Motion to Extend. (Dkt. #14.)

5  On March 20, 2009, Petitioner filed a written objection to the Report and 6 Recommendation. (Dkt. #15.) Respondents did not file a Response. Petitioner also filed a 7 Motion to Appoint Counsel and a Motion to Declare the AEDPA Unconstitutional. (Dkt. 8 #16.) Respondents did not file a Response to either motion.

9 **I.  Motion to Appoint Counsel**

10  Indigent state prisoners applying for habeas relief are not entitled to appointed counsel 11 unless the circumstances indicate that appointed counsel is necessary to prevent due process 12 violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 13 1023 (1987). The Court has discretion to appoint counsel when a judge "determines that the 14 interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), 15 *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding 16 whether to appoint counsel in a habeas proceeding, the district court must evaluate the 17 likelihood of success on the merits as well as the ability of the petitioner to articulate his 18 claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 19 F.2d 952, 954 (9th Cir. 1983).

20  Here, the Magistrate is recommending granting relief on Petitioner's Ground Two 21 claim. The Court finds that any additional relief is unlikely, given the procedural defaults, 22 as noted by the Magistrate Judge and discussed below. Additionally, Petitioner has 23 demonstrated an ability to research the law and write appropriate and comprehensible 24 motions for a court to review. In fact, Petitioner has already articulated the essential 25 substance of his objections to the Report and Recommendation, alleging that his lack of 26 access to legal materials should preclude application of the doctrine of procedural default. 27 As such, the Court will deny Petitioner's Motion to Appoint Counsel. (Dkt. #16.)

28

## II. Motion to Declare AEDPA Unconstitutional

Petitioner has filed a motion to declare the AEDPA unconstitutional. Specifically, Petitioner argues that 28 U.S.C. § 2254(b)(1) violates the First and Fourteenth Amendments, and therefore should be declared unconstitutional. Although the United States Supreme Court has not squarely addressed 28 U.S.C. § 2254(b)(1)'s constitutional validity, for the past thirteen years the Supreme Court has consistently applied AEDPA to appellate habeas petitions. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007) (granting habeas relief because "the provisions of [AEDPA] govern the scope of our review"); *Tyler v. Cain*, 533 U.S. 656, 659 (2001) (applying AEDPA's rule against successive petitions to deny federal habeas relief); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to federal habeas petitions filed after April 24, 1996). As such, the Court considers the Supreme Court's longstanding application of the rules set forth in AEDPA to be strong evidence of AEDPA's constitutionality. Accordingly, the Court will deny Petitioner's motion to declare the AEDPA unconstitutional.

## III. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

As stated above, Petitioner seeks relief from his state court conviction based on 28 U.S.C. § 2254. With respect to any claims that Petitioner exhausted before the state courts,

1  under 28 U.S.C. §§ 2254(d)(1) and (2), this Court must deny the Petition on those claims
2  unless "a state court decision is contrary to, or involved an unreasonable application of,
3  clearly established Federal law"[1] or was based on an unreasonable determination of the facts.
4  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

5  Further, this Court must presume the correctness of the state court's factual findings
6  regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936
7  (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on
8  the merits, notwithstanding the failure of the applicant to exhaust the remedies available in
9  the courts of the State." 28 U.S.C. § 2254(b)(2).

10 **IV.  Discussion**

11  **A.  Grounds One, Three and Four**

12  Petitioner objects to the Report and Recommendation on the ground that he has been
13 denied access to legal resources, which Petitioner claims establishes cause for his procedural
14 defaults. Because an objection was filed, this Court will review the Magistrate Judge's
15 finding that Petitioner procedurally defaulted Grounds One, Three and Four *de novo*.

16  **1.  Procedural Default**

17  Before this Court may consider the merits of an application for habeas relief, a state
18 prisoner must "exhaust" in state court the claims raised in the petition. *See Coleman v.*
19 *Thompson*, 501 U.S. 722, 729-30; 735 n.1 (1991); *Castille v. Peoples*, 489 U.S. 346, 349-50

20

---

21  [1] Further, in applying "Federal law" the state courts only need to act in accordance
22  with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In
    attempting to answer [whether the state court applied Federal law in an objectively
23  reasonable manner], the only definitive source of clearly established federal law under
    AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the
24  state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law
25  may be 'persuasive authority' for purposes of determining whether a state court decision is
    an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597,
26  600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and
27  only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ('The ...
    statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established
28  law to this Court's jurisprudence.')").

(1989). To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. *Castille*, 489 U.S. at 351.

Because the exhaustion requirement refers only to remedies still available to the petitioner at the time he files an action for federal habeas relief, it is also satisfied if the habeas petitioner is procedurally barred from pursuing his claim in the state courts. 28 U.S.C. § 2254(c); *Castille*, 489 U.S. at 351; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Thus, if the habeas petitioner's claims are now procedurally barred under state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim. In other words, procedural default occurs when a petitioner has never presented a claim in state court and is now barred from doing so by state court procedural rules. *Castille*, 489 U.S. at 351-52.

As long as the state's procedural bar provides an independent and adequate state-law basis for upholding the petitioner's conviction and sentence, the federal courts may not, generally, review a procedurally defaulted claim in a petition for federal habeas relief unless the petitioner can demonstrate *cause* for his failure to follow reasonable state procedures and *prejudice* arising from his procedural default of the claim. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (emphasis added).[2]

Here, a review of the record shows that Petitioner never raised Grounds One, Three or Four in a procedurally correct manner. Petitioner's first petition for post-conviction relief was denied by the trial court on June 8, 2008 based on Petitioner's failure to comply with Rule 32.5 of the Arizona Rules of Criminal Procedure. (Dkt. #6, Ex. K.) Petitioner subsequently filed a successive petition for post-conviction relief, and the trial court granted review solely

---

[2] Review is also appropriate if the petitioner demonstrates that habeas review is necessary to prevent a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id*.

- 5 -

on the *Blakely* issue raised by Petitioner. (Dkt. #6, Ex. L.) Accordingly, the Court finds that Petitioner failed to exhaust Grounds One, Three and Four in state court.

Rule 32.4 of the Arizona Rules of Criminal Procedure requires that a petition for post-conviction relief must be filed within 90 days of the entry of judgment and sentence or 30 days after the issuance of the order and mandate in the direct appeal, whichever is the later. *See* Ariz.R.Crim.P. 32.4(a). The time for Petitioner to file a petition for post-conviction relief has long passed. Thus, if Petitioner were to attempt to revive Grounds One, Three and Four in state court, there is an adequate and independent state ground barring Petitioner from raising these claims in state court. *See Stewart v. Smith*, 536 U.S. 856, 861 (2002) (holding that Rule 32.2(a) of the Arizona Rules of Criminal Procedure is an adequate and independent procedural bar). The Court therefore finds that Petitioner's Grounds One, Three and Four are procedurally defaulted. As such, this Court may not review Grounds One, Three or Four unless Petitioner can establish cause for the failure to follow state procedural rules and prejudice arising from his procedural default of the claim.

### 2. **Cause and Prejudice**

Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Objective factors which constitute cause include interference by officials which makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the alleged constitutional error or violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice resulting from a procedural default, a habeas petitioner bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension. *United States v. Frady*, 456 U.S. 152, 170 (1982). However, prejudice need not be addressed

- 6 -

1  if a petitioner fails to show cause. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir.
2  1991).

3        Petitioner argues that he has been denied access to legal materials and such lack of
4  access resulted in his procedural default of Grounds One, Three and Four. The Court notes
5  that, as a general matter, Petitioner's *pro se* status and ignorance of the law do not satisfy the
6  cause standard. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir.
7  1986). However, a *pro se* petitioner may be able to establish cause if he can establish a lack
8  of access to the law, as opposed to a lack of knowledge of the law. *See Dulin v. Cook*, 957
9  F.2d 758 (10th Cir. 1992). But, Petitioner must establish that the lack of access resulted in
10 an inability to assert his claims. *See Lewis*, 945 F.2d at 1123 (finding no cause where despite
11 lack of resources generally, *pro se* prisoner had shown no personal deprivation, and had
12 managed to file other adequate petitions).

13       In reviewing the record, the Court finds that Petitioner fails to establish that any alleged
14 lack of access to legal materials resulted in an inability to assert his claims. Indeed, the record
15 shows that Petitioner has consistently been able to cite to legal sources and file other adequate
16 petitions, including the instant petition. Moreover, Petitioner procedurally defaulted on
17 Grounds One, Three and Four because he failed to follow the trial court's explicit instructions
18 after it dismissed his first petition for post-conviction relief (Dkt. #6, Exs. J, K), rather than
19 due to Petitioner's ignorance of the law. Accordingly, the Court finds that Petitioner fails to
20 establish cause for his failure to follow state procedural rules. Because Petitioner has failed
21 to establish cause, the Court need not consider prejudice. *See Lewis*, 945 F.2d at 1123 n.10.

22       **3.    Fundamental Miscarriage of Justice**

23       If a petitioner cannot meet the cause and prejudice standard, the Court still may hear
24 the merits of procedurally defaulted claims if the failure to hear the claims would constitute
25 a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333 (1992). The
26 "fundamental miscarriage of justice" exception is also known as the actual or procedural
27 innocence exception. To bring himself within the narrow class of cases that implicate a
28 fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of

1 his actual innocence." *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002). A petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 673 (internal quotation marks and citations omitted).

Petitioner fails to present any evidence to support an assertion of actual innocence. Petitioner merely asserts that his lack of legal knowledge led to his procedural default. Because Petitioner fails to present any evidence that he is innocent, the Court finds that Petitioner fails to establish that a fundamental miscarriage of justice would occur if the Court declines to review the procedurally defaulted claims. The Court therefore finds that Petitioner's Ground One, Three and Four claims are procedurally defaulted and are not subject to federal habeas review. *See Gray*, 518 U.S. at 161-62; *Murray*, 477 U.S. at 495-96.

**B.     Ground Two**

Respondents filed an objection to the Report and Recommendation with regard to Ground Two. As stated above, in Ground Two Petitioner argued that the sentencing procedure used by the trial court violated the 6th Amendment as interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004). Respondents argue that Petitioner's sentence did not violate *Blakely* because the trial court did not impose an aggravated sentence, rather it imposed a sentence within the range to which Petitioner voluntarily agreed. Because an objection was filed, this Court will also review Ground Two *de novo*.

**1.     Applicability of *Blakely***

Decisions applying new constitutional rules do not generally apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 305 (1989). Moreover, under Ninth Circuit precedent, *Blakely* does not apply retroactively to cases that were already final for direct review purposes at the time it was decided. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). However, it is clearly established that a "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987).

In Arizona, a defendant who pleads guilty waives the right to direct appeal. *See* Ariz.R.Crim.P. 17.1(e). Thus, a pleading defendant can seek review of his conviction only by petition pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *See id*. This is known as a "Rule 32 of-right proceeding." Ariz.R.Crim.P. 32.1. The Rule 32 of-right proceeding is the "functional equivalent" of a direct appeal. *See State v. Ward*, 211 Ariz. 158, 162, ¶ 9 (App. 2005).

Petitioner in this case filed a Rule 32 of-right petition for post-conviction relief which the state court denied on June 8, 2004. But, a pleading defendant's conviction is not "final" for direct review purposes while his timely-filed Rule 32 of-right proceedings, *including review*, are pending. *See Ward*, 211 Ariz. at 163 (emphasis added). Rule 32 of the Arizona Rules of Criminal Procedure states that a defendant has 30 days after the filing of a decision to file a petition for review with the Arizona Court of Appeals. *See* Ariz.R.Crim.P. 32.9(c). Thus, Petitioner's Rule 32 of-right proceeding, and therefore his conviction, was not final until July 8, 2004. *See Beard v. Banks*, 542 U.S. 406, 411 (2004) (finding that "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state court has been exhausted and the time for filing a petition for a writ of certiorari has lapsed or a timely filed petition has been finally denied.'").

*Blakely* was decided on June 24, 2004, 14 days before Petitioner's conviction and sentence became final. Accordingly, the Court finds that Petitioner's case was pending on direct review at the time *Blakely* was decided, and *Blakely* applies to this case.

### 2. Imposition of an Aggravated Sentence

In *Blakely*, the Supreme Court held that any fact (besides the finding of a prior conviction) that increases the range of punishment beyond the statutory maximum that would be authorized by the jury's verdict alone must be submitted to a jury and proved beyond a reasonable doubt. *See Blakely*, 542 U.S. at 301 (applying "the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000): 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the presumptive statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'").

In Arizona, the presumptive sentence is generally considered the statutory maximum. *See State v. Price*, 217 Ariz. 182, ¶ 8 (2007) ("[t]he statutory maximum for *Apprendi* purposes . . . is the presumptive sentence established" by statute).  However,

> If there is one *Apprendi*-compliant aggravating factor, 'a defendant is exposed to a sentencing range that extends to the maximum punishment available under section 13-702.' Once such a factor is properly found-by the jury, based on a defendant's admission, or, for a prior conviction, by the court or jury-'the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.'

*Id.* at 185, ¶ 15 (citations omitted).

On April 1, 2003, Petitioner entered into a plea agreement to plead guilty to Count 1, burglary in the first degree, a class 2 dangerous felony; Count 7, armed robbery, a class 2 dangerous felony; and Count 10, kidnapping, a class 2 felony. The plea agreement also provided that Petitioner's sentences in Counts 1 and 7 would run concurrently with each other, and that Petitioner would serve no more than 15 years. The plea agreement further provided that the State would dismiss the remaining charges.

On June 13, 2003, Petitioner was sentenced to an aggravated term of 14 years on Count 1;[3] an aggravated term of 14 years on Count 7, to run concurrent with Count 1;[4] and with regard to Count 10, the trial court ordered that Petitioner be placed on supervised probation for 5 years from the date of his physical release from the Arizona Department of Corrections.[5]

Petitioner does not have any prior convictions that would permit the trial court to impose an aggravated sentence; therefore, under *Blakely* any factors used to impose an

---

[3]Count 1 carries a presumptive sentence of 10.5 years, a minimum sentence of 7 years and a maximum sentence of 21 years. *See* A.R.S. § 13-704(A).

[4]Count 7 carries a presumptive sentence of 10.5 years, a minimum sentence of 7 years and a maximum sentence of 21 years. *See* A.R.S. § 13-704(A).

[5]Count 10 carries a presumptive sentence of 5 years, a minimum sentence of 4 years and a maximum sentence of 10 years. The trial court is permitted to reduce the minimum sentence to as low as 3 years or increase the maximum sentence to as high as 12.5 years if it finds exceptional circumstances. *See* A.R.S. § 13-704(D).

1 aggravated sentence were required to be submitted to a jury and proved beyond a reasonable
2 doubt.  Here, a judge, not a jury, found facts that made Petitioner eligible for an aggravated
3 sentence.  As such, the Court finds that the sentence imposed by the trial court violated
4 *Blakely*.  And because Petitioner's case was pending on direct review at the time *Blakely* was
5 decided, the Court finds that the state court's denial of Petitioner's petition for post-conviction
6 relief based on a *Blakely* violation was contrary to clearly established federal law.

### 3.     Fundamental Error

Here, Petitioner did not object to the failure to have a jury determine aggravating factors at the time of sentencing.  This Court therefore reviews any *Blakely* violation for fundamental error, rather than trial error.[6]  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not have possibly received a fair trial.").  To prevail under this standard, Petitioner must establish that fundamental error exists and that the error in his case caused him prejudice.[7] *See State v. Gendron*, 168 Ariz. 153, 155 (1991).

In this case, the aggravating factors used to determine Petitioner's sentence were found by a judge instead of a jury, violating Petitioner's 6th Amendment right to have such factors proved to a jury beyond a reasonable doubt.  Because the sentencing procedure used denied Petitioner the right to have a jury determine aggravating factors, the Court finds that the procedure utilized goes to the foundation of Petitioner's case, and the Court therefore holds

---

[6]Trial error is reviewable in Arizona state court under the harmless error standard. *State v. Henderson*, 210 Ariz. 561, 567 (2005).  Harmless error review places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence.  *Id*.

[7]Under the analogous federal standard, an appellate court cannot reverse a 6th Amendment violation, such as a *Blakely* violation, based on an objection not timely raised at sentencing unless: (1) there was error; (2) the error was "plain"; (3) the error "affects substantial rights"; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 632 (2002).

1  that fundamental error occurred. *See Henderson*, 210 Ariz. at 568 ("Indeed, it is difficult to
2  conceive that use of a procedure that denied rights guaranteed . . . by the Sixth Amendment
3  to the United States Constitution could be other than fundamental error.").

4        Having shown that fundamental error occurred, Petitioner must now establish that the
5  error caused him prejudice. *See Gendron*, 168 Ariz. at 155. Respondents argue that Petitioner
6  was not prejudiced by the imposition of an aggravated sentence because Petitioner "got what
7  he bargained for" and that "the trial court made no findings, let alone factual findings,
8  concerning any aggravating factor; it simply sentenced [Petitioner] to a sentence within the
9  range to which [Petitioner] voluntarily agreed." (Dkt. #10, Objection to Report and
10 Recommendation, p. 3.)  The Court disagrees.

11       "[A] plea bargain is contractual in nature and is subject to contract-law standards."
12 *United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988) (internal quotations and
13 citations omitted). Further, "[a]ny disputes over the terms of the agreement must be resolved
14 by determining, under an objective standard, 'what the parties to the plea bargain reasonably
15 understood to be the terms of the agreement.'" *Id*. (quoting *United States v. Read*, 778 F.2d
16 1437, 1441 (9th Cir. 1985). In reviewing the plea agreement, the Court cannot find, nor do
17 Respondents point to any evidence indicating that it was the intention of the parties to expose
18 Petitioner to an aggravated sentence without a finding of aggravating factors. In fact, during
19 the change of plea hearing, the trial court expressly explained the sentencing range, including
20 the presumptive and maximum sentence possible, to which Petitioner would be exposed if the
21 trial court accepted the plea agreement. (Dkt. #6, Response to Petition for Habeas Corpus,
22 Ex. A, Transcript of Change of Plea Hearing, p. 6.) The mere fact that the parties agreed to
23 reduce the maximum possible sentence from 21 years to 15 years does not establish that the
24 parties intended to expose Petitioner to an aggravated sentence without a finding of
25 aggravating factors.

26       Here, Petitioner was deprived of the opportunity to require that a jury find facts
27 sufficient to expose him to an aggravated sentence. Petitioner therefore must show that "a
28 reasonable jury, applying the appropriate standard of proof, could have reached a different

result than did the trial judge." *Henderson*, 211 Ariz. at 569, ¶ 27. If this Court finds that a reasonable jury could have failed to find the existence of all the aggravating factors, then the defendant has made an adequate showing of prejudice. *Id*. at 569, ¶ 28. The trial court made no specific findings regarding the aggravating factors used to impose an aggravated sentence; it merely sentenced Petitioner to an "aggravated" sentence. (Dkt. #6, Ex. D, Transcript of Sentencing Hearing, p. 30.) ("Having considered all of the factors, I am going to sentence you . . . to an aggravated term of 14 years . . . .") Based on this record, this Court cannot conclude that a reasonable jury could not have reached a different result than the trial judge. As such, the Court finds that Petitioner has made an adequate showing of prejudice.

## V.   CONCLUSION

The Court finds that Petitioner's Grounds One, Three, and Four are procedurally defaulted. However, the Court finds that Petitioner has established that the state court's denial of his *Blakely* claim was contrary to clearly established federal law. Further, the Court finds that the denial of Petitioner's claim constitutes fundamental error, by which Petitioner was prejudiced.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Extend Time to Object is **GRANTED** to the extent that the objections received on March 20, 2009 are deemed timely. (Dkt. #14.)

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel is **DENIED**. (Dkt. #16.)

**IT IS FURTHER ORDERED** that Petitioner's Motion to Declare AEDPA Unconstitutional is **DENIED**. (Dkt. #16.)

**IT IS FURTHER ORDERED** that Respondent's objections to the Report and Recommendation are **OVERRULED**. (Dkt. #10.)

**IT IS FURTHER ORDERED** that Petitioner's objections to the Report and Recommendation are **OVERRULED**. (Dkt. #15.)

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ACCEPTED** in its entirety as discussed in this Order. (Dkt. #9.)

**IT IS FURTHER ORDERED** that the Writ of Habeas Corpus is **GRANTED** as to Petitioner's sentence only, unless the State initiates a re-sentencing proceeding within 120 days of the entry of judgment. The Writ is **DENIED** on all other grounds argued in the Petition.

DATED this 11th day of May, 2009.

_____
James A. Teilborg
United States District Judge